IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHRISTIAN BRIGGS,                    §
                                     §
                    Appellant,       §
                                     §
v.                                   §          Civil Action No. 3:05-CV-138-L
                                     §
ROBERT YAQUINTO, JR.,                §
                                     §
                    Appellee.        §
                                     §

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant Christian Briggs' Motion Seeking Leave to Appeal Order Denying First Amended Motion to Dismiss Under Rule 12(b)(6), filed January 11, 2005.  After careful consideration of the motion, response, record, and applicable law, the court **denies** Defendant Christian Briggs' Motion Seeking Leave to Appeal Order Denying First Amended Motion to Dismiss Under Rule 12(b)(6).

On December 19, 2004, the bankruptcy court issued an order denying Appellant Chris Briggs's ("Briggs" or "Appellant") first amended motion to dismiss, and the clerk of the bankruptcy court entered that order on December 21, 2004.  Further, on December 21, 2004, the clerk of the bankruptcy court entered an additional order issued by the bankruptcy court on December 19, 2004, denying a motion to dismiss filed by "New Directors."*  On January 11, 2005, Appellant filed his notice of appeal and motion for leave to appeal the bankruptcy court's order denying his motion to dismiss.  Pursuant to Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, a notice of appeal

---

*Appellant defines "New Directors" as "former officers and directors who gained control after [he] left the company."  Def. Christian Briggs' Mot. Seeking Leave to Appeal Order Denying First Am. Mot. to Dismiss under Rule 12(b)(6) at 2.

**Memorandum Opinion and Order - Page 1**

must be filed with the clerk of the bankruptcy court "within 10 days of the date of the entry of the judgment, order, or decree appealed from."  Further, the rule states that if a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten days of the date on which the first notice of appeal was filed.  Although this case is one in which Briggs seeks leave to appeal, the procedure that governs the filing of a motion that seeks leave to appeal is the same procedure that governs the filing of a notice of appeal.  *See* Rule 8001(b).

The court must first determine its jurisdiction in this matter.  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home Builders Ass'n, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998).  When a court does not have subject matter jurisdiction, it lacks the power to adjudicate claims and must dismiss the action.  *See Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir. 1994)).  A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("subject-matter delineations must be policed by the courts of their own initiative even at the highest level"); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").  District courts have jurisdiction to hear appeals from orders of bankruptcy judges entered in cases and proceedings referred to bankruptcy courts.  *See* 28 U.S.C. § 158(a); 28 U.S.C. § 1334.

Appellant contends that this court has jurisdiction over his appeal, as his notice of appeal was timely filed on January 11, 2005, within ten days of the January 3, 2005 timely notice of appeal filed by New Directors.  In other words, Appellant contends that his notice of appeal is timely because

**Memorandum Opinion and Order - Page 2**

Rule 8002 allows any party to file a notice of appeal within ten days of the date on which the first notice of appeal was filed.  Appellant misconstrues this rule.

The notice of appeal filed by New Directors was an appeal from a different court order in the same action and is therefore not the "first" notice of appeal to the order from which Appellant seeks relief such that Appellant would be allowed under Rule 8002 to file his notice within ten days of the prior notice's filing.  Appellant's notice of appeal was due on January 3, 2005, ten days after the entry of the December 21, 2004 order and not ten days after the filing of New Directors' notice of appeal.  In calculating the ten-day period, it begins to run the day after the entry of the order and includes intermediate weekends and legal holidays.  Bankr. R. 9006(a).  The last day of the period is also included, unless it is a weekend day or legal holiday.  *Id.*  Under this rule, Appellant would have had to file a notice of appeal and motion for leave to appeal no later than January 3, 2005.  The New Year fell on a Saturday and was observed on December 31, 2004; both the bankruptcy court clerk's office and the district court clerk's office were closed on this date.  The "ten day requirement is jurisdictional and cannot be waived." *Matter of Topco, Inc.*, 894 F.2d 727, 733 n.7 (5th Cir. 1990) (internal citation omitted); *see Matter of Robinson*, 640 F.2d 737, 738 (5th Cir. 1981).  Appellant did not file his notice of appeal or motion for leave within the ten-day requirement and did not request an extension of time in which to appeal under Rule 8002(c).  Because Appellant filed his notice of appeal and motion for leave eight days beyond the time he was required to do so under Rule 8002, the court has no jurisdiction to entertain his appeal.  Accordingly, the court **denies** Defendant Christian Briggs' Motion Seeking Leave to Appeal Order Denying First Amended Motion to Dismiss

Under Rule 12(b)(6) and **dismisses** this appeal for want of jurisdiction. All reasonable and allowable costs are taxed against Appellant Christian Briggs.

**It is so ordered** this 22nd day of June, 2005.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 4**